# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUSTIN RIDENOUR,

    Petitioner,                                Case No. 3:05-cv-264

                                            District Judge Walter Herbert Rice
  -vs-                                         Chief Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden,

    Respondent.

## ORDER STAYING THIS CASE PENDING EXHAUSTION OF STATE COURT REMEDIES

This case is before the Court on Petitioner's Motion to Amend Habeas Corpus Petition and for Stay of Proceedings to Exhaust (Doc. No. 10).

The Motion was filed in response to the Answer of Respondent (Doc. No. 7) in which Respondent asserted the defense of lack of exhaustion of state court remedies. In the Motion, Petitioner acknowledges the need to exhaust any claims of ineffective assistance of appellate counsel by filing a delayed Ohio App. R. 26(B) proceeding in the Ohio Second District Court of Appeals.

The United States Supreme Court recently found that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims

> first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 541 U.S. ___, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002).

Petitioner requests that either his Grounds I-IV be dismissed without prejudice while he exhausts or that the entire Petition be dismissed without prejudice and the statute of limitations be prospectively equitably tolled while he exhausts. Neither of these remedies is required and both may be dangerous to Petitioner's rights, given the still unsettled law on equitable tolling. Instead, the Court will follow the procedure approved in *Rhines v. Weber, supra.* This is particularly appropriate in that the Respondent has raised (and thereby failed to waive) his exhaustion defense.

Accordingly, all further proceedings herein are STAYED pending Petitioner's exhaustion of his remedy of a delayed application for reopening his direct appeal under Ohio R. App. P. 26(B). Petitioner shall file said application with the Ohio Second District Court of Appeals not later than April 15, 2006, provide this Court with a copy of that filing, and keep this Court currently advised

of the status of the state court proceedings.

March 7, 2006.

                                                s/ Michael R. Merz
                                  Chief United States Magistrate Judge