# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JUSTIN RIDENOUR,

:

    Petitioner,                                        Case No. 3:05-cv-264

:                 District Judge Walter Herbert Rice
  -vs-                                          Chief Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden,

:

    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Justin Ridenour seeking relief from his conviction and sentence in the Miami County Common Pleas Court for one count of sexual assault/battery (Petition, Doc. No. 1).

Petitioner pleads four grounds for relief:

> **Ground One:** According to Blakely v. Washington, the Petitioner was entitled to minimum sentence if he did not admit to aggravating factors or have prior convictions.
>
> **Supporting Facts:** Petitioner did not know he was entitled to a minimum sentence pursuant to Blakely v. Washington and as a result, the Petitioner received a maximum sentence. Pursuant to Apprendi and Blakely, Petitioner's plea is involuntary and his sentence illegal.
>
> **Ground Two:** Ineffective assistance of counsel.
>
> **Supporting Facts:** Counsel failed to file an amendment to Petitioner's appeal while still pending in the Ohio Supreme Court when Blakely v. Washington was issued, before Ohio Supreme Court made their decision on Appellant's case and Blakely fits Appellant's case "on all four."

>**Ground Three:** Appellant's issue is one of plain error and should be regarded by the court as such.
>
>**Supporting Facts:** Appellant's issue deals with Blakely v. Washington being applied to him upon his direct appeal.
>
>**Ground Four:** Appellant was entitled to the minimum sentence pursuant to the 14th Amendment.
>
>**Supporting Facts:** Because the trial court did not abide by the sentencing statutes, the Appellant's liberty interest was violated by the court's arbitrary deprivation of Appellant's liberty interest.

In his Memorandum in Support of Habeas Corpus Petition (attached to Doc. No. 1), he also asks the Court to consider the following propositions of law:

>**I. First Proposition of Law.** The appellant was entitled to the application of Blakely v. Washington, 542 U.S._, 124 S.Ct. 2331, by the Supreme Court of Ohio, either by sua sponte inclusion of Blakely, or notice of plain error inclusion of Blakely, when the appellant's case was pending before that court on the day Blakeley was issued by the U.S. Supreme Court. The appellant was denied his Sixth Amendment and Article I §10 right to a jury trial, pursuant to the United States and Ohio Constitutions, respectively, by that court's inaction.
>
>**II. Second Proposition of Law.** The appellant's sentence is contrary to the United States and Ohio Constitutions, the Sixth Amendment and Article I §10, respectively, in that he has a liberty interest in benefit of the minimum sentence pursuant to R.C. § 2929.14(B), which provides for a minimum sentence to be imposed upon a criminal offender. Denial that liberty interest based upon a fact not admitted to by the defendant nor found by a jury, is contrary to the law and a denial of the Sixth Amendment and Article I §10 of the United States and the Ohio Constitutions, respectively.
>
>**III. Third Proposition of Law.** Application of plain error is necessary under criminal rule 52(b) to appellant's Apprendi, Blakely, and Booker claim in order to protect the fairness, integrity, or public reputation of judicial proceedings in the state of Ohio.
>
>**IV. Fourth Proposition of Law.** The appellant was denied the

> effective assistance of counsel when counsel upon appeal failed to submit to the Ohio Supreme Court a motion requesting additional authority be placed with appellant's direct appeal then pending in that court given that the additional authority would have been Blakely v. Washington, 542 U.S._, 124 S.Ct. 2531 and the appellant's case sitting on all fours with Blakely, supra.
>
> **V. Fifth Proposition of Law**: When imposing a prison term upon a defendant who has never previously served a prison term, a court must impose the statutorily mandated minimum sentence unless the court makes one or both of the findings required by R.C. 2929.14(B) at the sentencing hearing.
>
> **VI. Sixth Proposition of Law:** When a court imposes a greater-than-minimum sentence upon a defendant who has never previously served a prison term without making either of the findings required by R.C. 2929.14(B), that defendant is denied the effective assistance of counsel if his or her attorney does not object to the court's error.

## Procedural History

On December 16, 2002, Petitioner appeared with counsel in the Miami County Common Pleas Court, and, as part of a plea agreement, entered a plea of guilty to a single count of sexual battery on which he was later sentenced to five years incarceration. Represented by new counsel, he appealed, raising the following three assignments of error:

> 1. The trial court erred when it sentenced Mr. Ridenour, a first-time felony offender, to a greater-than-minimum term of imprisonment without engaging in the analysis required by R.C. 2929.14(B). The trial court's failure to sentence Mr. Ridenour in accordance with R.C. 2929.14(B) denied him due process of law as provided for by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution. (January 27, 2003 Sentencing Hearing Transcript; February 4, 2003 Sentencing Entry).
>
> 2. The trial court erred when it sentenced Mr. Ridenour to a maximum term of imprisonment based upon the court's erroneous belief that Mr. Ridenour had failed to comply with a court order. The trial court's error denied Mr. Ridenour due process of law as provided for by the Fourteenth Amendment to the United States

> Constitution and Article I, Section 16 of the Ohio Constitution. (January 27, 2003 Sentencing Hearing Transcript).
>
> 3. Mr. Ridenour was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when defense counsel failed to object to the trial court's failure to comply with R.C. 2929.14(B) and (C), and 2929.19(B)(2)(d). (January 27, 2003 Sentencing Hearing Transcript).

The Miami County Court of Appeals affirmed and Petitioner, represented by the same counsel, appealed to the Ohio Supreme Court, stating the following propositions of law:

> 1. When imposing a prison term upon a defendant who has never previously served a prison term, a court must impose the statutorily mandated minimum sentence unless the court makes one or both of the findings required by R.C. 2929.14(B) at the sentencing hearing.
>
> 2. When a court imposes a greater-than-minimum sentence upon a defendant who has never previously served a prison term without making either of the findings required by R.C. 2929.14(B), that defendant is denied the effective assistance of counsel if his or her attorney does not object to the court's error.

The Ohio Supreme Court allowed an appeal on the first proposition of law but not on the second. Somewhat later it affirmed on the authority of its decision in *State v. Evans*, 102 Ohio St. 3d 240 (2004). Petitioner did not attempt to gain review by the United States Supreme Court, but filed the instant Petition.

After Respondent pled failure to exhaust state remedies in his Answer, Petitioner was granted a stay to file a delayed application for reopening under Ohio R. App. P. 26(B) which was denied as untimely by the Court of Appeals. The Ohio Supreme Court denied review and this Court dissolved the stay (Doc. No. 16), giving the parties an opportunity for additional briefing. Petitioner filed neither a reply (traverse) nor any response to the Respondent's Supplemental (post-exhaustion)

-4-

Memorandum (Doc. No. 19).

## Analysis

### Grounds for Relief One and Four; Propositions of Law One and Two

Respondent concedes that the Petition was timely filed and that none of the claims are barred by failure to exhaust.[1] Respondent does assert that the First and Fourth Grounds for Relief and the First and Second Propositions of Law are barred by Petitioner's procedural default in presenting them to the state courts. Essentially, Respondent asserts that Petitioner never presented these claims to the state courts; Petitioner has not responded to that contention.

The gist of Petitioner's claims in Grounds One and Four and Propositions of Law One and Two are that his sentence to more than the minimum mandatory sentence violates his constitutional rights as adumbrated in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* was handed down on June 24, 2004; the Ohio Supreme Court's final decision in this case was not filed until July 21, 2004 (Response, Doc. No. 7, Ex. 13).

Petitioner asserts that on May 31, 2005, he claimed the benefit of the *Blakely* decision in the Ohio Supreme Court by filing a Motion for Re-Opening (Petition, Doc. No. 1, at 8.) As Respondent notes, this Motion was never filed and docketed with the Ohio Supreme Court and in any event was very untimely: the Ohio Supreme Court only allows motions for reconsideration to be filed within

---

[1] An initial claim that the ineffective assistance of appellate counsel claim in Proposition of Law IV was unexhausted has been obviated by Petitioner's unsuccessful Ohio App. R. 26(B) Application.

ten days of judgment. See Ohio S. Ct. Prac. R. XI, §2. The Motion for Re-Opening was not filed until ten months after that deadline expired.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Mapes v. Coyle,* 171 F. 3rd 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757

F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

Applying the *Maupin* analysis to Petitioner's *Blakely* claims, the Court should find that they are procedurally defaulted. The claims were never presented to the Ohio courts during the regular course of litigation, but only ten months after the Ohio Supreme Court rendered final judgment. The

Ohio Supreme Court has a procedural rule which forbids raising issues such as this except in a motion for reconsideration filed not more than ten days after judgment. Apparently that rule was enforced against Petitioner because his tendered Motion for Re-Opening was never filed and docketed in the Ohio Supreme Court.[2] That rule is an adequate and independent state ground of decision in that it is perfectly proper for state courts to set deadlines on the submission of new claims on appeal.

Petitioner has not shown cause and prejudice for his failure to present the *Blakely* claims before he did. In Ground Two he accuses his appellate lawyer in the Ohio Supreme Court of ineffective assistance of counsel for failing to file an amendment to the appeal to raise that claim. However, in a non-capital case, appeal to the Ohio Supreme Court is discretionary with that Court and there is no constitutional entitlement to effective assistance of counsel on a discretionary appeal, but only on the first appeal of right. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974). The other possible exception to a procedural default defense is proof of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 316 (1995), but Petitioner makes no claim of actual innocence of the underlying sexual batter charge.

Therefore Grounds for Relief One and Four and Propositions of Law One and Two should be dismissed with prejudice as procedurally defaulted.

**Ground Two for Relief; Proposition of Law Four**

---

[2]Although the Motion was received by the Ohio Supreme Court, it was never stamped filed or added to the docket. (See Petition, Doc. No. 1, at 24.)

In these two claims, Petitioner asserts he was denied effective assistance on appeal when his appellate lawyer at the Ohio Supreme Court level failed to move to amend his claims to add the *Blakely* claims.

Because there is no constitutional right to the effective assistance of appellate counsel at the discretionary appeal level, these claims are without merit.  *Pennsylvania v. Finley*, supra; *Ross v. Moffitt*, supra.  They should be dismissed with prejudice.

### Ground Three for Relief and Proposition of Law Four

In these two claims, Petitioner appears to assert that it was plain error for the state courts not to apply *Blakely* to his case.

These two claims do not state a claim which is cognizable in federal habeas corpus.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982), *Barclay v. Florida,* 463 U.S. 939, 103 S. Ct. 3418, 77 L. Ed. 2d 1134 (1983).  It has never been held by the Supreme Court that it is unconstitutional to hold a state prisoner on a conviction which is somehow the product of plain error by the state courts.

Therefore, these two claims should be dismissed without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

### Proposition of Law Five

In this claim, Petitioner asserts that he was entitled under Ohio Revised Code § 2929.14(B) to the minimum sentence provided by Ohio law for sexual battery. The Ohio Supreme Court decided this question purely as a matter of state law, relying on their decision in *State v. Evans*, 102 Ohio St. 3d 240, 809 N.E. 2d 11 (2004). In that case the court decided that a trial court did not have to make the findings necessary under Ohio Revised Code § 2929.14(B) to exceed the minimum sentence for a crime if it made the findings necessary under Ohio Revised Code § 2929.14(C) to impose the maximum sentence for the offense. That is what happened here and why the Ohio Supreme Court could decide Petitioner's first proposition of law on discretionary appeal by a brief citation to *Evans*. *Evans* was decided purely as an exercise in statutory interpretation – deciding what the Ohio General Assembly intended by the statute – rather than applying constitutional standards.

In sum, Proposition of Law Five raises only questions of state law and should therefore be dismissed with prejudice for failure to state a claim upon which habeas corpus relief can be granted.

### Proposition of Law Six

In this Proposition of Law, Petitioner claims he was denied effective assistance of trial counsel when his trial attorney did not object to his greater-than-minimum sentence when no findings were made under Ohio Revised Code § 2929.14(B). This claim is cognizable in federal habeas and was raised on direct appeal. The Miami County Court of Appeals ruled as follows:

> [*P41] Ridenour's third assignment of error:
>
> [*P42] "Mr. Ridenour was denied the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments

-10-

> to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution when defense counsel failed to object to the trial court's failure to comply with R.C. 2929.14(B) and (C), and 2929.19(B)(2)(d). (January 27, 2003 Sentencing Hearing Transcript)."
>
> [*P43] Ridenour asserts that counsel was ineffective for failing to object to the errors raised in this appeal during the January 27, 2003 sentencing hearing.
>
> [*P44] We disagree. We evaluate ineffective assistance arguments under an analysis derived from Strickland v. Washington (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Specifically, for a conviction to be reversed on the basis of ineffective assistance of counsel, the defendant must show "that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different." State v. Honeycutt, Montgomery App. No. 19004, 2002 Ohio 3490.
>
> [*P45] First, Ridenour contends that his trial counsel was ineffective for failing to object to the trial court's sentencing language on which he focused his first assignment of error. We cannot find trial counsel to be deficient in his duties, as the law in Ohio is unsettled on this issue and the trial court's sentencing was in accordance with the case law in this district at the time the sentencing was performed.

(Opinion, Doc. No. 7, Ex. 10.)

The Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409- 410, 120 S.Ct. 1495.  See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 693-94, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

> AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state-court proceedings, a federal court may not grant relief unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Williams v. Taylor, supra,* at 405; *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) *(per curiam).* A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Williams v. Taylor, supra,* at 405; *Woodford v. Visciotti,* 537 U.S. 19, 24-25, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) *(per curiam).*

*Brown v. Payton,* 544 U.S. 133, 134 (2005).

In this case the Miami County Court of Appeals applied the correct federal legal standard as laid out in *Strickland v. Washington, supra.* It found that Petitioner's trial counsel had not fallen below the standard for competent counsel by failing to make the argument that the trial court had to make the mandatory minimum findings under Ohio Revised Code § 2929.14(B) because the law was unsettled; recall that *State v. Evans* had not yet been decided. Even if the argument could have been made and should have been made, there would have been no prejudice because the Ohio Supreme Court rejected the argument in *Evans* and applied it directly to this case.

Therefore Proposition of Law Six is without merit and should be dismissed with prejudice.

## Conclusion

The Petition for Writ of Habeas Corpus should be dismissed, in part with prejudice and in part without, as set forth above. Because reasonable jurists would not disagree with the conclusions

reached in this Report, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

November 9, 2006.

s/ Michael R. Merz<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).